B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Central District of California

In re SHIRLEEN HAZEL POCHING ,
          Debtor

Case No. 6:13-BK-10787-MJ
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.   Creditor's Name: EAGLE COMMUNITY CREDIT UNION

2.   Amount of the debt subject to this reaffirmation agreement:
    $ 12,613.94 on the date of bankruptcy    $ 12,613.94 to be paid under reaffirmation agreement

3.   Annual percentage rate of interest:  7.99  % prior to bankruptcy
    7.99  % under reaffirmation agreement ( ✓ Fixed Rate ____ Adjustable Rate)

4.   Repayment terms (if fixed rate): $ 360.42 per month for 40 months

5.   Collateral, if any, securing the debt: Current market value: $ 12,400.00
    Description: 2004 LINCOLN NAVIGATOR

6.   Does the creditor assert that the debt is nondischargeable? ___ Yes ___ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A.  Total monthly income from $ 7233.67 Schedule I, line 16 | 7B.  Monthly income from all $ 7233.67 sources after payroll deductions |
| 8A.  Total monthly expenses $ 7280.00 from Schedule J, line 18 | 8B.  Monthly expenses $ 7200.00 |
| 9A.  Total monthly payments on $ 0 reaffirmed debts not listed on Schedule J | 9B.  Total monthly payments on $ 0 reaffirmed debts not included in monthly expenses |
| | 10B.  Net monthly income $ 3367 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/09)                                                                              Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

        If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that
any explanation contained on those lines is true and correct.

_____            _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                    required if line 11 or 12 is completed)

Other Information

☐    Check this box if the total on line 10B is less than zero. If that number is less than zero, a
presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with
specificity the sources of funds available to the Debtor to make the monthly payments on the
reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
        __X__Yes                    _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has
counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
        __X__Yes                    ___x___No


**FILER'S CERTIFICATION**

        I hereby certify that the attached agreement is a true and correct copy of the reaffirmation
agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Stephanie Richards, paralegal
Print/Type Name & Signer's Relation to Case
Prenovost, Normandin, Bergh & Dawe
Attorneys for Eagle Community Credit Union

1

B240 A/B ALT (FORM 240/AB ALT)(REAFFIRMATION AGREEMENT) (12/11)

| |
|---|
| o   **Presumption of Undue Hardship** |
| o   **No Presumption of Undue Hardship** |
| (Check box as directed in Part D: Debtor's Statement |
| in Support of Reaffirmation Agreement.) |

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re  **SHIRLEEN HAZEL POCHING**_____,       Case No. <u>6:13-BK-10787-MJ</u>
            Debtor                                          Chapter  <u>7</u>_____

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and          ☑ Part D: Debtor's Statement in
     Notice to Debtor (pages 1 - 5)                     Support of Reaffirmation Agreement

☑ Part B: Reaffirmation Agreement                 o   Part E: Motion for Court Approval

☑ Part C: Certification by Debtor's Attorney

*[Note: Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. Note also: If you complete Part E, you must
prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

         **Name of Creditor:    Eagle Community Credit Union**

☑ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal
     Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

   **1.   DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**<u>AMOUNT REAFFIRMED</u>**
The amount of debt you have agreed to reaffirm: $  <u>12613.94</u>_____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of
the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may
come due after the date of this disclosure. Consult your credit agreement.*

B240 A/B ALT – Reaffirmation Agreement
ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

     a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i)    The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: **7.990** %.

--- And/Or --

    (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: **7.990** %.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

    $ _____ @ _____%;
    $ _____ @ _____%;
    $ _____ @ _____%.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i)    The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: **7.990** %.

--- And/Or ---

    (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: **N/A** %.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

B240 A/B ALT – Reaffirmation Agreement (Con't)

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

   c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

   The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

   d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| **2004 LINCOLN NAVIGATOR- ULTIMA 5LMFU27R44LJ41357** | $ 17,850.00 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ __360.42__ is due on __02/20/2013__ , but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

                              --- Or ---

Your payment schedule will be: __40__ payments in the amount of $ __360.42__ each, payable (monthly, annually, weekly, etc.) on the __20th__ of each __MONTH__, unless altered later by mutual agreement in writing.

--- Or ---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

B240 A/B ALT – Reaffirmation Agreement (Con't)

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

B240 A/B ALT – Reaffirmation Agreement (Con't)

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

## Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

6

B240 A/B ALT -- Reaffirmation Agreement (Con't)

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   **Auto Loan Contract**

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

   **The Original Contract is attached hereto.**
   **All the terms of the contract remain in full force and effect**

SIGNATURE(S):

Borrower:                                  Accepted by creditor:

SHIRLEEN HAZEL POCHING                     Eagle Community Credit Union
(Print Name)                               (Printed Name of Creditor)

_Shirleen H. Poching_                      23021 Lake Center Drive Lake Forest CA
(Signature)                                (Address of Creditor)

Date: 7/3/13                               _____
                                           (Signature)

                                           Jansen Wilson Collections Manager
Co-borrower, if also reaffirming these debts:   (Printed Name and Title of Individual
                                           Signing for Creditor)

_____                  Date of Creditor Acceptance:
(Print Name)
                                           7/11/2013
_____                  Date
(Signature)

Date: _____

7

**B240 A/B ALT – Reaffirmation Agreement (Con't)**

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

o   *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement.   In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: <u>JOSEPH MANNING</u>

Signature of Debtor's Attorney: _____

Date: <u>7·11·13</u>

B240 A/B ALT -- Reaffirmation Agreement (Con't)

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and
the debtor is represented by an attorney, read section 3. Sign the appropriate
signature line(s) and date your signature.    If you complete sections 1 and 2
and your income less monthly expenses does not leave enough to make the
payments under this reaffirmation agreement, check the box at the top of page
1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the
top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents
or me. I can afford to make the payments on the reaffirmed debt because my monthly income
(take home pay plus any other income received) is $ 1132.67 and my actual current monthly
expenses including monthly payments on post-bankruptcy debt and other reaffirmation
agreements total $ 72.00 leaving $ 0.00 to make the required payments on this
reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the
payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be
reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction
of the court how I can afford to make the payments here: _____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and
signed reaffirmation agreement.

Signed: _____ (Debtor)

_____
(Joint Debtor, if any)

Date: _____

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the
payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in
Part A and a completed and signed reaffirmation agreement.

Signed: _____ (Debtor)

_____
(Joint Debtor, if any)

Date: _____

B240 A/B ALT – Reaffirmation Agreement (Con't)

## PART E: MOTION FOR COURT APPROVAL
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### <u>MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT</u>

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

o    11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

o    11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____ (Debtor)

_____
(Joint Debtor, if any)

Date: _____



**EAGLE COMMUNITY CREDIT UNION**
*When community counts, one member at a time.*

Eagle Community ... Union
P.O. Box 5196
Lake Forest, CA 92609-8696
(949) 588-9400*(800) EAGLE CU
FAX (949) 460-8788

**LOAN AGREEMENT AND CONSUMER CREDIT DISCLOSURE STATEMENT ("Agreement")**
You promise to pay the amount borrowed, interest, other permitted charges and fees to the order of Eagle Community Credit Union ("Lender", "We", assignee, according to the terms of this Agreement (including those set forth in the Federal Truth-in-Lending Disclosure). Numbers, phrases or words preceded by a ☐ are applicable only if the ☐ is marked, e.g. ☒.
In this Agreement the use of the words "Credit Union", "We", "Us" and "Our" mean Eagle Community Credit Union. The Borrower(s) and any Co-Signer(s) of this Agreement, individually and collectively, are sometimes referred to as "You" or "Your". "e" Means an estimate. "n/a" Means not applicable

**Borrower(s)**
SHIRLEEN HAZEL POCHING

13731 Amberview Pl
Corona CA 92880

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost You | AMOUNT FINANCED The amount of credit provided to You or on Your behalf | TOTAL OF PAYMENTS The amount You will have paid when You have made all scheduled payments. |
|---|---|---|---|
| 7.740 % | $ 3,774.86 | $ 17,850.00 | $ 21,624.86 |

| DATE | ACCOUNT NUMBER |
|---|---|
| 09/11/10 | |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 59 MONTHLY | 360.42 | Beginning 10/20/2010 |
| 1 MONTHLY | 360.08 | Ending 09/20/2015 |

**DISCOUNTED RATE**
Your ANNUAL PERCENTAGE RATE has been discounted by 0.250 % percentage points because You have elected to have Your payments made via Automatic Payment. If the Automatic Payment is cancelled for any reason Your ANNUAL PERCENTAGE RATE will immediately increase by the amount of such discount. An increase in the ANNUAL PERCENTAGE RATE will affect the amount of Your scheduled payments. For example, if You have a loan for $10,000 at 6.50% for 60 months and the Interest Rate increases to 7.50% in 12 months, Your payment would increase from $195.66 to $199.49.

You may obtain property insurance from anyone You want that is acceptable to the Credit Union.
☐ Required Deposit: The Annual Percentage Rate does not reflect Your required deposit.
Assumability: Your loan is not assumable.
Security: You are giving a security interest in:
☒ The goods or property being purchased.
☒ Personal property (other than household goods or any dwelling) securing other loans with Us.
☒ Your present and future shares or deposits in the Credit Union
☐ Other _____

Prepayment: If You pay off early, You will not have to pay a penalty.
Late Charge: If Your payment is 10 or more days late, You will be charged the greater of $10 or 10.00% of the payment due.
Filing Fee $ N/A   Non-Filing Insurance $ N/A

See Your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties

Simple Interest Rate of 7.740 % per Annum.

| Itemization of Amount Financed of | $ 17,850.00 | Amount Paid to Others on Your Behalf: KEVIN SAROSYAN | 16,400.00 |
|---|---|---|---|
| Amount Given to You Directly | $ | DMV | 1,450.00 |
| Amount Paid on Your Account | $ | | |

**Insurance:** Credit Life and Credit Disability Insurance are not required to obtain credit and will not be provided unless You agree to pay the additional cost and sign below. A portion of this amount may be retained by or returned to Us. THIS DOES NOT GUARANTEE YOU HAVE CREDIT INSURANCE. CREDIT INSURANCE MUST BE ELECTED USING A SEPARATE FORM.

| Type | Premium | Signature-Check and Sign | | | Age/Birth Date |
|---|---|---|---|---|---|
| SINGLE DECREASING LIFE | | Single Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | Borrower: 36 |
| JOINT DECREASING LIFE | | Joint Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | |
| DISABILITY | | Credit Disability Insurance | ☐ You Want | ☒ You Do Not Want | Co-Borrower: |
| | | Signature _____ | | | |

**Security Interest.** To secure all obligations of Borrower(s) hereunder the Credit Union, You give a security interest and lien in and upon the following property, including any and all accessions, related insurance proceeds, or insurance premium refunds.

| Year | Make | Model | V.I.N./Serial No. | Key/Lic. No. |
|---|---|---|---|---|
| 2004 | LINCOLN | NAVIGATOR- ULTIMATE | 5LMFU27R44LJ41357 | |

Other:

Further paragraphs of this Agreement are set forth on the additional page entitled "Additional Provisions of Agreement", and You agree to be bound by all of the provisions of this Agreement.

**NOTICE: You understand and agree that by endorsing or negotiating the loan proceeds check related to this Agreement (check number) _____, that the terms thereof including the provisions set forth in this Agreement.**

You acknowledge receiving a copy of this Agreement (and Exhibits, if any) that You have read it in its entirety and that You accept and agree to all of the terms thereof including the provisions set forth in this Agreement.

**Signatures:** You have signed this Agreement on 09/11/10 _____ and acknowledge that You have read it, that You understand it, and that You have received a completely filled-in copy of it.

X _____ (Signature of Borrower)          X _____ (Signature of Borrower)  ☐ Owner of Collateral (other than Borrower)

X _____ (Signature of Borrower)  ☐ Owner of Collateral (other than Borrower)          X _____ (Witness)

**Co-Signer:** You understand that You are fully liable to pay any amounts due under this Agreement. The Credit Union does not have to make any demand on any other person obligated under this Agreement, nor take any steps to repossess any Collateral before demanding that You pay any amount. You have read this entire Agreement, You understand it, and You agree to be bound by all of the terms.

_____ (Name of Co-Signer (Please Print))          X _____ (Signature of Co-Signer)          _____ (Date)

_____ (Street Address)          _____ (City)          _____ (County)          _____ (State)          _____ (Zip)

Copyright Oak Tree Business Systems Inc. 2006  2006 All Rights Reserved          Page 1 of 2          OTBS 611A EAGL (2006)

## ADDITIONAL PROVISIONS OF AGREEMENT

1.  **LIABILITY OF PARTIES.** Each person who signs this Agreement as a Borrower or Co-Signer or who endorses or negotiates the loan proceeds check related to this Agreement (other than a Dealer/Payee) and whose name appears on the front of this Agreement as Borrower or Co-Borrower agrees to be individually and jointly obligated to pay Your loan in accordance with the terms and conditions of this Agreement. Any person who signs this Agreement or the loan proceeds check related to this Agreement and checks the box preceding "Owner of Collateral (other than Borrower)" does so voluntarily and solely to give a security interest in the collateral shown in the Security Interest section in this Agreement, but is not personally liable for any indebtedness created under this Agreement.

2.  **INTEREST.** Interest will be charged on the unpaid balance of Your loan at the Simple Interest Rate designated in this Agreement until Your balance is paid in full. Any payment may be made early without penalty, and any early payments will have the result of reducing the total amount of interest paid. Any payment made after the due date will have the result of increasing the total amount of interest paid.

3.  **PAYMENTS.** Payments are to be made in lawful money of the United States according to the Payment Schedule in this Agreement. Any partial prepayment of Your loan will not delay Your next scheduled due date. Payments will be applied first to Late Charges owing, then to Finance Charges due, then to principal. If, when You pay Your last scheduled payment, the amount You pay exceeds Your loan balance, then You give the Credit Union permission to deposit the excess to Your share account.

4.  **COLLATERAL.** The Credit Union has been granted a security interest or lien in or upon the Collateral designated in this Agreement or in a separate document such as a Security Agreement, Assignment, Pledge or similar document (the subject matter of such a security interest or lien is referred to as "Collateral" in this Agreement). Except for the Credit Union's security interest or lien, the Collateral is owned free and clear from any adverse claim, security interest or encumbrance other than as now disclosed to the Credit Union Without the express written consent of the Credit Union, no other liens, security interests or encumbrances will be allowed to attach to the Collateral. You agree to inform the Credit Union immediately if the Collateral is to be moved from Your address shown in this Agreement or at such other address at which You have informed the Credit Union the Collateral is now located. The Collateral shall not be sold or ownership otherwise transferred and at all times the Collateral shall be kept in good repair. The Collateral shall not be used for any unlawful purpose. The Credit Union shall receive the full cooperation of the Borrower, Co-Signer or Owner in obtaining everything that We require to place and/or maintain Our security interest in and/or lien on the Collateral. The Credit Union may examine and inspect the Collateral at any time wherever located. All taxes or assessments on the Collateral shall be paid as they come due, and if not paid, the Credit Union may pay them and shall be entitled to reimbursement or, alternatively, to add any amount so paid to the unpaid balance of Your loan subject to the applicable interest rate.

    Collateral (other than household goods or any dwelling) given as security under this Agreement or for any other loan You may have with Us will secure all amounts You owe Us now and in the future if that status is reflected in the "Truth-in-Lending Disclosure" in any particular Agreement evidencing such debt.

5.  **LIEN ON SHARES.** If shares or deposits are pledged as Collateral for this loan, You understand that the balance in Your account(s) on deposit with the Credit Union must be kept at least equal to the balance of Your loan until Your loan is repaid in full. We may, however, permit You to maintain or reduce Your account balances below Your loan balance. If You are in default, the Credit Union may apply all shares (except Keogh Accounts and IRA Accounts) then on deposit to Your loan up to an amount sufficient to repay Your loan.

6.  **PROPERTY INSURANCE.** You promise to maintain property insurance on the Collateral in an amount necessary to protect Our security interest in the Collateral, with Us named as loss payee for Our protection. Such insurance shall protect against loss by fire, theft, and collision and will provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto, if any. You may provide the required property insurance through an existing policy or by a policy You independently obtain and pay for from a person of Your own choosing, providing such person is reasonably acceptable to Us. You agree to deliver satisfactory evidence of the insurance policy or, at Our option, with certificates or other satisfactory evidence to Us within any time period specified in any notice from Us or on Our behalf. If You do not get or keep this insurance, We may, at Our sole option, obtain insurance to protect Our interest and add its costs to Your loan and You agree to pay for it (by such means as increasing Your payment or increasing Your loan term). We are under no obligation to obtain insurance on Your behalf. If We do obtain insurance, the cost of obtaining that insurance may be added to Your loan balance, subject to the applicable interest rate. We have the authority to obtain, adjust, settle or cancel insurance and may endorse any party's name on any draft.

7.  **DEFAULT.** Your loan shall be in default if any of the following things occur: (a) You do not make any payment or perform any obligation under this Agreement or any other agreement that You may have with the Credit Union; (b) You have made a false or misleading statement in Your credit application and/or in Your representations to the Credit Union while You owe money on this loan; or (c) You should die, or be involved in any insolvency, receivership or custodial proceeding brought by or against You; or (d) a judgement in tax lien should be filed against You or any attachment or garnishment should be issued against any of Your property or rights, specifically including anyone starting an action or proceeding to seize any of Your funds on deposit with the Credit Union; and/or (e) the Credit Union should, in good faith, believe Your ability to repay Your indebtedness hereunder is or soon will be impaired, or believe the Collateral is endangered, time being of the very essence.

    Upon any occurrence of default, and to the extent permitted by law, We may declare the entire balance of Your loan immediately due and payable, without prior notice or demand. If the entire balance is not then paid immediately upon default, and if permitted by law, the Collateral may be voluntarily surrendered to the Credit Union at a time and place acceptable to it. If this is not done, to the extent permitted by law, the Credit Union may enter the premises where the Collateral is located and take possession of it and the Credit Union may assert the defense of a superior right of possession as the holder of a security interest to any offense of alleged wrongful taking and conversion. The Credit Union may sell or dispose of the Collateral in any manner permitted by law, and any resulting deficiency on Your loan shall be immediately paid to the Credit Union. You further agree that We may, if necessary and at Our option, improve the Collateral from the state that it is in at the time of repossession to a state that is considered reasonable and customary for normal use of the Collateral and You agree to reimburse Us for any and all costs incurred in the course of such improvements. In the event collection efforts are required to obtain payment under this Agreement, You agree to pay all court costs, private process server fees, investigation fees or other costs incurred in collection and reasonable attorney fees incurred in the course of collecting any amounts owed under this Agreement or in the recovery of any Collateral. As permitted by law, the Credit Union shall have the right to impress and enforce a statutory lien upon the shares and dividends of any member indebted to it, and We may enforce Our right to do so without further notice to You. Additionally, You agree that We may set-off any mutual indebtedness.

    In the event of default, suit, and judgement against You, We have the right to attach or garnishee wages. You expressly waive any limitation to the contrary unless the law prohibits such waiver.

8.  **WAIVER OF JURY TRIAL.** Lender and Borrower hereby knowingly, voluntarily and intentionally waive the right they may have to a trial by jury in respect to any litigation arising out of, under, or in connection with this Agreement including, but not limited to, that which may relate to ancillary documentation related to this Agreement, any course of conduct, dealing, statements (oral and/or written), or actions of any party hereto. You understand that this provision is a material inducement for Our entering into this Agreement with You.

9.  **ASSUMABILITY.** Your loan is not assumable.

10. **DELAY IN ENFORCEMENT.** We do not lose Our rights under this or any related agreement if We delay enforcing them. We can accept late payments, partial payments, or any other payments, even if they are marked "paid in full" without losing any of Our rights under this Agreement. If any provision of this or any related agreement is determined to be unenforceable or invalid, all other provisions remain in full force and effect.

11. **GOVERNING LAW.** You understand and agree that this Agreement will be governed by the laws of the state in which it is written except to the extent that federal law controls.

## NOTICE TO BORROWER AND ANY CO-BORROWER

> By endorsing or negotiating the Loan proceeds check related to this Agreement, (1) You accept and agree to the terms of this Agreement including the provisions in this Agreement; and, (2) You grant Us a security interest or lien in or upon any collateral designated in this Agreement; and, (3) You promise to obtain and maintain property insurance (if applicable) according to the Property Insurance provision above and any "Agreement to Provide Insurance" given to You along with this Agreement.
>
> If You do not agree to any of the terms of this Agreement, do not endorse the loan proceeds check and return this Agreement and check to Us immediately at the address shown on the front of the check.

Borrower's Initials _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2122 N. Broadway, Suite 200
Santa Ana, CA 92706

A true and correct copy of the foregoing document entitled (*specify*): Reaffirmation Agreement with Cover Sheet will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 17, 2013 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Debtor:  Joseph R Manning  joe@manninglawoffice.com,
bkecf@manninglawoffice.com;katiet@manninglawoffice.com
Chapter 7 Trustee:  Steven M Speier (TR)  Sspeier@asrmanagement.com, ca85@ecfcbis.com
United States Trustee (RS):  ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) July 17, 2013 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Shirleen Hazel Leofa
13731 Amberview Place
Corona, CA 92880

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 17, 2013 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Meredith A. Jury                Courtesy Copy, Bin outside of Courtroom 301
United States Bankruptcy Court
3420 Twelfth Street
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 17, 2013    Stephanie Richards                    *Stephanie Richards*
*Date*           *Printed Name*                         *Signature*

8636.0001 / 761168.1 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.